Frank Bazadier (State Bar No. 226498)
Law Office of Frank Bazadier
4428 W. Slauson Avenue, Suite 8
Los Angeles, CA 90043
Telephone: (323) 815-9339
E-mail: fbazadier@gmail.com

Attorneys for Plaintiff Rick Franks

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

RICK FRANKS,

        Plaintiff,

    v.

COUNTY OF LOS ANGELES; and
DOES 1-20,

        Defendants.

Case No. 2:23-cv-10300

Hon.

**COMPLAINT FOR A 4TH AMENDMENT VIOLATION OF UNREASONABLE SEARCHES AND SEIZURES AND A 5TH AMENDMENT VIOLATION AGAINST A TAKING WITHOUT JUST COMPENSATION AND A 14TH AMENDMENT SUBSTANTIAL DUE PROCESS VIOLATION**

**Jury Trial Requested**

**COMPLAINT FILED:**

INTRODUCTION

1. Mr. Rick Franks has a 10 acre farm located at 6249 E Ave F Lancaster CA 93535, and an additional 60 acre farm immediately adjacent to his 10 acre farm.

2. Both of Mr. Franks above-described properties are within the jurisdiction of The County of Los Angeles Sheriff Deputies patrol station located at 501 W. Lancaster Blvd., Lancaster, CA 93534.

3. On at least two occasions that Mr. Franks knows of in the past two years, a group Los Angeles County Deputies, hereafter "LASD", allegedly acting under the color of law, have UNLAWFULLY entered onto Mr. Franks property without, any warrants, cause of any kind, or prior written notice announcing their arrival and the reason for their visit. Said searches of Mr. Franks properties on each occasion exceeded 30 minutes.

4. Each unlawful entry of these LASD members/the County of Los Angeles, caused tens of thousands of dollars by spooking his pregnant cattle to cause them to run about in fear of foreign human scent, other than Mr. Franks, resulting in losses via still-born calves, and damaged marketable embryos, which caused Mr. Franks to suffer losses in which no government actor/County of Los Angeles or the LASD has made any attempt to adequately compensated Mr. Franks' for.

5. The two occasions on which Mr. Franks' is certain that LASD members unlawfully entered his property and caused uncompensated takings was December 1st, 2022, at 2.30pm, whereby two members of the LASD roamed around Mr. Franks' properties without warrant or probable cause spooking his 100 or so heads of cattle, and June 20, 2023 at 10.18 am, when 6 or 7 deputies, unlawfully roamed

MR. RICK FRANKS COMPLAINT

Mr. Franks properties for some unknown, warrantless reason, again frightening his livestock/cattle whereby some of his pregnant cows miscarried causing a uncompensated takings in which the LASD nor the County of Los Angeles has yet to make Mr. Franks whole.

6. It is Mr. Franks belief that this harassing behavior is a result of previous negative contacts with one particular LASD member by the name of Kit Gruppie. Mr. Franks believes, LASD employee Kit Gruppie in 2019 caused Mr. Franks to be handcuffed in the back of a LASD squad car with the heat on, to teach Mr. Franks some unknown/undisclosed lesson. At the writing of this complaint Mr. Franks is unsure if there was ever a filing of any kind, by a requisite city attorney or District Attorney in the County of Los Angeles post Mr. Franks being "hotboxed" in the back of a LASD squad car in 2019.

7. Following that incident the Lancaster Sheriff's Department caused the filing of a misdemeanor complaint accusing Mr. Franks of various offenses relating to his cattle. Said criminal complaint was later dismissed with prejudice.

8. Thereafter, Mr. Franks suffered these two warrantless, unnoticed searches and seizures of his land, without any probable cause, whereby he suffered severe damage without the County of Los Angeles compensating him adequately for his losses suffered by their unconstitutional takings of his property.

9. At the writing of this complaint Mr. Franks is unsure as to how many other

times members of the LASD or other County actors have unlawfully entered his property causing a taking without justly compensating him, but Mr. Franks is confident that during the pendency of this case, that discovery will bear out further unlawful entries onto his properties whereby his Fourth and Fifth Amendments were gravely injured, and manifested itself in a herd of under producing cattle, whose reproductive organs and offspring byproducts have been materially damaged.

10. Per the holding below in *Woods View II, LLC v. Kitsap County, 2011 U.S. Dist. LEXIS 67717, *16-17,* Mr. Franks is confident that he will be able to demonstrate and prove through the process of discovery and ultimately if necessary a trial that the County of Los Angeles, via their Lancaster Sheriff Deputies, did in fact unlawfully enter his property on multiple occasions in violation of his 4th Amendment rights, and caused a series of takings, whereby he was never adequately compensated by the County of Los Angeles, and said takings have negatively impacted his ranching business by random deputies who warrantlessly interfere on his property, spooking his cattle and causing uncompensated losses/takings.

"Our reluctance to examine taking claims until such a final decision has been made is compelled by the very nature of the inquiry required by the Just Compensation Clause. Although "[t]he question of what constitutes a 'taking' for purposes of the Fifth Amendment has proved to be a problem of considerable difficulty, this Court consistently has indicated that among the factors of particular significance in the

inquiry are the economic impact of the challenged action and the extent to which it interferes with reasonable investment-backed expectations. Those factors  [*17] simply cannot be evaluated until the administrative agency has arrived at a final, definitive position regarding how it will apply the regulations at issue to the particular land in question." *Williamson County Regional Planning Com'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 191, 105 S. Ct. 3108, 87 L. Ed. 2d 126 (1985) (citations omitted)*.

11. "The state and federal Constitutions prohibit government from depriving a person of property without due process of law. (Cal. Const., art. I, §§ 7, 15; U.S. Const., 14th Amend., § 1.)" (Kavanau, supra, 16 Cal.4th at p. 771.) The substantive aspect of this guarantee "protects against arbitrary government action." (Las Lomas, supra, 177 Cal.App.4th at p. 855.)" *Lafayette Bollinger Development LLC v. Town of Moraga, 93 Cal. App. 5th 752, 784*. Therefore Mr. Franks intends to seek relief from the County of Los Angeles, and their Doe Defendants 1-20, who are employees and agents of the LASD pursuant to the substantive due process clause of the 14th Amendment to the U.S. Constitution for the arbitrary searches, seizures, and takings without just compensation that occurred on his properties.

PARTIES

12. Rick Franks is an individual, who is a resident of the County of Los Angeles and is the owner/occupier of a 10 acre farm located at 6249 E Ave F Lancaster CA 93535, and an additional 60 acre farm immediately adjacent to his 10 acre farm, whereby he has a ranching/cattle business, which has been negatively impacted by

the unconstitutional behavior of certain Doe Defendants 1 - 20, who are members of LASD or other County of Los Angeles agents and actors.

13. The Lancaster Sheriff's department is a patrol unit of the LASD. Mr. Franks farm is within the Lancaster Sheriff's Patrol Station jurisdiction.

14. "The Ninth Circuit has held a sheriff's department is a "public entity" under Cal. Gov. Code § 811.2. Streit v. Cnty. of Los Angeles, 236 F.3d 552, 565 (9th Cir. 2001). Further, it has held that when a sheriff's department acts to "overs[ee] and manage[] . . . [a] local jail," it is considered a "person" as the term is used in 42 U.S.C. § 1983. Id. at 561." *Fetter v. Placer County Sheriff, 2015 U.S. Dist. LEXIS 3976, *4* Therefore LASD and its members/employees, Doe Defendants 1-20, whether they be employed at the Lancaster station, or elsewhere are considered a person per 42 U.S.C. § 1983, who did in fact enter Mr. Franks' property on two known occasions on December 1st, 2022 and June 20th, 2023 causing severe negative economic impact on his cattle without being justly compensated.

## **JURISDICTION AND VENUE**

15.  This action is brought under 42 U.S.C. § 1983 relative to Defendants' actions to deprive Rick Franks of, and impose an undue burden on, his constitutional right of being free from any and all unreasonable government searches and seizures on his properties, lacking substantive due process;

"The due process clause of the Fifth Amendment provides that no person shall "be

deprived of life, liberty, or property, without due process of law." U.S. Const. amend V. The due process clause "contains a substantive component, sometimes referred to as 'substantive due process,' which bars certain arbitrary government actions 'regardless of the fairness of the procedures used to implement them.'" Daniels v. Williams, 474 U.S. 327, 337, 106 S. Ct. 662, 665, 88 L. Ed. 2d 662, 672 (1986) (Stevens, J., concurring). The substantive due process clause "serves to prevent governmental power from being 'used for purposes of oppression.'" Id. at 331, 106 S. Ct. at 665, 88 L. Ed. 2d at 668 (quoting Murray's Lessee v. Hoboken Land & Improvement Co., 59 U.S. 272," _Watson v. Perry, 918 F. Supp. 1403, 1416_

16. Further, Mr. Franks "reasonable investment-backed expectations," please see _Woods View II, LLC_ supra, as he attempts to operate his ranch SHOULD BE free from unwanted government intrusions as mandated by the Fourth and Fifth Amendments to the U.S. Constitution.

17. **Accordingly, this Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343**. This Court also has authority to grant declaratory relief under 28 U.S.C. § 2201, as well as damages under 28 U.S.C. § 1343(a) and attorneys' fees and costs under 42 U.S.C. § 1988.

18. Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the claim asserted under California law because: (a) this is a civil action of which this Court has original jurisdiction; (b) the state claim, IF ANY, are so related as to constitute the same "case or controversy;" (c) the state claim does not raise a novel or complex issue of state law (but this is not required in light of the recent U.S. Supreme Courts decision in _Knick v. Township of Scott, 139 S. Ct. 2162, 2170 (2019));_ (d) the state claim does not substantially predominate over the more

prevalent federal constitutional claims over which this Court has original jurisdiction; and (e) there are no other compelling reasons for declining jurisdiction of this incidental state claim.

19. **The Central District of California is the appropriate venue for this action pursuant to 28 U.S.C. § 1391(b)(1) and (2)** because it is a district in which Defendants maintain offices/patrol station(s), exercise their authority in their official capacities, reside, and have acted to deprive Rick Franks of his constitutional rights.

CLAIMS

FIRST CLAIM FOR RELIEF:

UNCONSTITUTIONAL SEARCH AND SEIZURE

U.S. Const. Fourth Amend.; 42 U.S.C. § 1983

20. Mr. Rick Franks realleges paragraphs 1 through 19, inclusive and incorporates by reference each allegation as though fully set forth herein.

21. The warrantless entries onto Mr. Franks properties in Lancaster, on December 1st, 2022 and June 20, 2023 were clearly unreasonable search and seizure under the Fourth Amendment to the United States Constitution, pursuant to policy, practice, or custom that mandate that the government need a showing of probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized, which The County of Los Angeles

through their Doe Defendants 1-20/employees of the LASD failed to do in violation of Mr. Franks Fourth Amendment to the United States Constitution.

22. As a result, Mr. Franks has been required to retain legal counsel to vindicate his rights under the law and pursue legal redress for Defendants' wrongful and unlawful conduct. Accordingly, Mr. Franks is entitled to recovery his attorneys' fees, costs of suit, expert fees, and all other recoverable fees, costs, and expenses pursuant to 42 U.S.C. § 1988.

SECOND CLAIM
TEMPORARY TAKING
U.S. Const. Fifth Amend.; 42 U.S.C. § 1983

23. Mr. Rick Franks realleges paragraphs 1 through 22, inclusive and incorporates by reference each allegation as though fully set forth herein.

24. The County of Los Angeles, through Doe Defendants 1-20, who are LASD employees, did unlawfully enter his properties without a warrant or probable cause on December 1st, 2022 and June 20th, 2023, spooked the cattle, which caused a temporary taking of Mr. Franks property, without just compensation, in violation of the Fifth Amendment to the U.S. Constitution.

25. Mr. Franks seek just compensation under the Fifth Amendment to the U.S. Constitution for the period during which he has been deprived of its reasonable investment-backed expectations.

26. As a direct and proximate cause of the unconstitutional actions of the

MR. RICK FRANKS COMPLAINT

Doe Defendants 1-20 and the LASD, Mr. Rick Franks has sustained harm and damages to be proven at the time of trial.

27. Mr. Franks has been required to retain legal counsel to vindicate its rights under the law and pursue legal redress for Defendants' wrongful and unlawful conduct. Accordingly, Mr. Franks is entitled to recovery his attorneys' fees, costs of suit, expert fees, and all other recoverable fees, costs, and expenses pursuant to 42 U.S.C. § 1988.

THIRD CLAIM

Substantive Due Process Violation

U.S. Const. Fourteenth Amend.

42 U.S.C. § 1983

28. Mr. Franks realleges paragraphs 1 through 27, inclusive and incorporates by reference each allegation as though fully set forth herein.

28. At its core, the substantive due clause of the Fourteenth Amendment to the U.S. Constitution requires local government to not engage in conduct that infringes on the substantive due process rights of its citizens and to act in a manner that is substantially related to a legitimate governmental interest.

29. The actions of Defendants as alleged above, were arbitrary, capricious, and not reasonably or substantially related to any legitimate governmental interest.

30. As a direct and proximate cause of Defendants' wrongful and unlawful

actions, as alleged above, Mr. Franks has sustained harm and damages in an amount that exceeds tens of thousands of dollars, plus interest, the precise amount to be proven at the time of trial.

31. Mr. Franks has been required to retain legal counsel to vindicate his rights under the law and pursue legal redress for Defendants' wrongful and unlawful conduct. Accordingly, Mr. Franks are entitled to recovery of its attorneys' fees, costs of suit, expert fees, and all other recoverable fees, costs, and expenses pursuant to 42 U.S.C. § 1988.

## PRAYER FOR RELIEF

Mr. Franks respectfully requests a trial by jury and that judgment be entered in its favor and against Defendants, as follows:

1. For damages, plus interest, and just compensation for the permanent and/or temporary taking of property or money, the precise amount to be proven at the time of trial.

2. For damages arising from Defendants' violation of the substantive due process rights of Mr. Rick Franks, the precise amount to be proven at the time of trial.

3. For damages arising from Defendants' violation of Mr. Rick Franks right to be free from unreasonable governmental intrusions and seizures of his properties, the precise amount to be proven at the time of trial.

MR. RICK FRANKS COMPLAINT

4. For attorneys' fees, expert fees, and all other recoverable fees, costs, and expenses pursuant to 42 U.S.C. § 1988, and as otherwise permitted by law.

5. For costs of suit incurred in this action.

6. For such other and further relief as the Court deems just and proper, including declaratory relief, IF NECESSARY.

November 29, 2023

Respectfully submitted,

*Frank Bazadier*
_____

Frank Bazadier
Attorney for Mr. Rick Franks